46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Luke WASCHKOWSKI, Appellant.
 No. 94-2866.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 28, 1994.
Filed: Jan. 17, 1995.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Luke Waschkowski appeals his 38-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to manufacture marijuana, in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 2
 Pursuant to a plea agreement, Waschkowski agreed to plead guilty, and the government agreed that he would not be charged with additional federal drug offenses arising from its investigation. The parties agreed that if the court found Waschkowski responsible for more than 100 plants at sentencing, the minimum term of imprisonment was five years. Authorities were tipped off regarding Waschkowski's drug activities by his older brother, Jeff, who was cooperating with the government. Jeff reported Waschkowski and a co-conspirator were growing marijuana at Waschkowski's residence and also at several outdoor cultivation sites in southwest Iowa and eastern Nebraska. At the time of his arrest, Waschkowski indicated his willingness to cooperate, advised agents that he and his co- conspirator had also set up three outdoor growing operations, and even led agents to some of the marijuana. The PSR indicated a base offense level of 26, a three-level acceptance-of-responsibility reduction, a criminal history category of III, a Guidelines range of 57 to 71 months, and a statutory minimum of 60 months.
 
 
 3
 Waschkowski objected, inter alia, to the calculation of his base offense level, arguing that less than 50 of the 122 plants seized at his residence had roots and were viable, and that the plants attributed to him only through his admissions or found with his assistance should not be counted pursuant to U.S.S.G. Sec. 1B1.8.[2]
 
 
 4
 After hearing testimony at sentencing, the court determined Waschkowski's involvement to be more than he had admitted. The court credited the testimony of a special agent and a co-conspirator over that of Waschkowski, determining that Waschkowski's involvement was as substantial as his brother's and that Waschkowski was responsible for all the marijuana plants the operation was growing to the extent that he reasonably anticipated or knew about what the others were doing. The court counted many of the plants found at Waschkowski's residence, while acknowledging that some had not developed roots. The court noted that Waschkowski had admitted to approximately 195 other plants and, noting that Miranda warnings had been given to Waschkowski, found that he had not given this information under the belief that it would not be used against him. The court held Waschkowski responsible for 200 marijuana plants either admitted by him or seized from him. The court determined a sentencing range of 57 to 71 months, and a five-year mandatory minimum sentence. The court departed downward pursuant to a government substantial-assistance motion and sentenced Waschkowski to 38 months imprisonment.
 
 
 5
 On appeal, Waschkowski argues the court erred in calculating the number of plants attributable to him. He argues that less than 50 of the 122 plants seized from his residence met the definition of "marijuana plant," and that, pursuant to section 1B1.8, the plants obtained from the other locations should not be attributed to him because they were obtained only with his cooperation.
 
 
 6
 A district court's findings as to drug quantity attributable to a defendant will not be overturned on appeal unless clearly erroneous, and its findings as to witness credibility are " 'virtually unreviewable on appeal.' " United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)). Here, the mandatory minimum applied if the court held Waschkowski responsible for over 100 marijuana plants. We conclude the court did not clearly err in finding him responsible for 200. The criminalist who examined the plants seized at Waschkowski's residence testified that 72 of these plants had developed root hairs. This court has reasoned that a cutting which has developed root hairs is a plant under the Sentencing Guidelines. United States v. Bechtol, 939 F.2d 603, 604-05 (8th Cir. 1991). Thus, 72 of the plants seized at Waschkowski's residence may be attributed to him.
 
 
 7
 As to Waschkowski's argument that he should not be held responsible for information regarding over 100 additional plants he gave agents during the course of his cooperation, section 1B1.8 applies to information obtained under a cooperation agreement. See Section 1B1.8, comment. (n.1). Waschkowski admitted giving agents the information concerning additional marijuana immediately following his arrest, and did not deny that the agents first administered Miranda warnings, i.e., that any information Waschkowski provided could be used against him. The agent merely informed Waschkowski that information he provided could assist him, and as the district court noted at sentencing, his cooperation did assist him in earning him a substantial-assistance reduction.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 Section 1B1.8(a) provides that "[w]here a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement." Section 1B1.8(b)(1) provides that subsection (a) will not be applied to restrict the use of information "known to the government prior to entering into the cooperation agreement."